**604**

## UNITED STATES

v.

### Steven E. GERMANN, Radarman Third Class, U.S. Coast Guard.

CGCM 0033.
Docket No. 955.

U.S. Coast Guard Court of
Military Review.

25 Jan. 1991.

Trial Counsel: LT Terry C. Ganzel, JAGC, USN.

Civilian Counsel: Robert Leen, Esq.

Individual Military Counsel: CAPT J.L. Whitmer, USMC.

Appellate Defense Counsel: LT G Arthur Robbins, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

BAUM, Chief Judge:

Appellant, after pleading guilty in accordance with a pretrial agreement, was convicted by general court-martial, judge alone, of numerous sexual offenses involving female children and female adults.[1] He was sentenced to a dishonorable discharge, confinement for 18 years, forfeiture of all pay and allowances, and reduction to pay grade E–1. That sentence was approved by the Convening Authority as being within the terms of the negotiated plea. Before this Court, appellant has assigned one error: that the sentence is disproportionately severe as a result of the inflammatory effect of the Government's calling three child victims as witnesses in aggravation.

Appellant asserts that the Government's aggravation tactic of calling three child victims, "served no purpose other than appealing to the emotion of the sentencing authority to adjudge an inappropriately severe sentence" p. 3, Appellate Defense Brief. In support, thereof, appellant contends that no evidence was offered by these witnesses; rather, it was only their physical appearance and identification that was presented, matters of limited probative value outweighed by the inflammatory nature of their appearance. In this regard, appellant notes that the first witness sat in her grandmother's lap throughout her brief testimony. The second witness started crying as soon as she was asked to raise her right hand for the oath. Her father, who was standing beside her, testified, instead, simply introducing her to the court. No attempt, whatsoever, was made to obtain testimony directly from the third child, who was accompanied by a social worker and an

---

1. Appellant was found guilty of the following offenses: one specification of carnal knowledge of a five year old female in violation of Article 120, UCMJ, 10 U.S.C. § 920; three specifications of indecent assault on adult females, one specification of indecent exposure, two specifications of indecent language to adult females, and four specifications of indecent acts with female children ages approximately seven, four and a half, and three years old, in violation of Article 134, UCMJ, 10 U.S.C. § 934.

investigative special agent. After she was brought before the court, the special agent was sworn in as a witness and he testified as to her identity. None of the testimony developed with respect to the three victims went much beyond the few questions required to identify them by name, age, and family.

Based on these facts, appellant cites Mil. R.Evid. 403 and argues that the appearance of the children and accompanying testimony should not have been considered because the evidence had only limited probative value which was substantially outweighed by the danger of unfair prejudice. Although this issue was not raised at trial, appellant now contends that the inflammatory nature of the three child victims appearing before the judge resulted in an inappropriately severe sentence. No objection of any kind was made at trial to two of the children who were called. Counsel did object to the third child's sitting in her grandmother's lap, but ultimately said "If she can't testify any other way, I guess it would be fine." R. 127.

On the face of it, calling a victim merely for purposes of identification appears innocuous enough. That, essentially, is what happened here. While the procedure of calling the victims to the stand and having identification made through the testimony of someone else may seem a bit unusual, there was no objection entered to either the procedure or the substance of the testimony. The one objection to a witness sitting in her grandmother's lap was ultimately withdrawn. Without a continuing objection, we see no obligation on the judge to expressly state on the record that he has applied the Mil.R.Evid. 403 balancing test. With no inflammatory emotional basis for excluding the appearance of the witnesses having been asserted at the time, we are unable now to discern such an effect from the record of this case which was tried by judge rather than jury. Appellant's assigned error is deemed to be without merit.

We have reviewed this case under the terms of Article 66, UCMJ, 10 U.S.C. § 866 and have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Judges BRIDGMAN and SHKOR concur.